SUMMARY ORDER

Mahtabuddin Patel Mohammad, a native and citizen of India, seeks review of a May 15, 2008 order of the BIA denying Mohammad’s request for remand and affirming the September 1, 2006 decision of Immigration Judge (“IJ”) Philip L. Morace, which denied Mohammad’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Mahtabuddin Patel Mohammad, No. A98 224 015 (B.I.A. May 15, 2008), aff'g No. A98 224 015 (Immig. Ct. N.Y. City Sept. 1, 2006). We assume the *46 parties’ familiarity with the underlying facts and procedural history in this case.
As a preliminary matter, because Petitioner failed to raise before this Court any challenge to either the agency's pret-ermission of his asylum application or the agency's denial of his motion to remand, we deem any such arguments waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect our ultimate conclusion. Jigme Wangchuek v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency did not err in finding that Petitioner failed to show past persecution. Petitioner argues that the cumulative effect of the deprivation of his land, the death of his uncle, and the phone threats against him constitute past persecution. However, even viewed cumulatively, see Poradisova v. Gonzales, 420 F.3d 70, 79-80 (2d Cir.2005), the events Petitioner described do not rise to the level of persecution, see Ivanishviii v. U.S. Dep't of Justice, 433 F.3d 332, 341 (2d Cir.2006) (persecution "does not encompass mere harassment"); Ai Feng Yuan v. U.S. Dep't of Justice, 416 F.3d 192, 198 (2d Cir.2005) (“[PJersecution is an extreme concept that does not include every sort of treatment our society regards as offensive.”), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 306 (2d Cir.2007) (en banc). First, Petitioner cannot rely on his uncle’s alleged murder as an act of individualized persecution because nothing in the record indicates that Hindu fundamentalists killed his uncle as a means of targeting Petitioner. See Tao Jiang v. Gonzales, 500 F.3d 137, 141 (2d Cir.2007); Melgar de Torres v. Reno, 191 F.3d 307, 313 n. 2 (2d Cir.1999). With regard to the threatening phone calls, such unfulfilled threats are not sufficient to rise to the level of persecution. See Ci Pan v. Att’y General, 449 F.3d 408, 412 (2d Cir.2006); Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002). Petitioner also argues that he suffered “economic persecution” in the past.[2] However, this argument is unavailing where Petitioner did not show how the seizure of his family’s farm resulted in a severe economic disadvantage. See Matter of T-Z-, 24 1. & N. Dec. 163, 169, 172 (BIA 2007).
We also find that substantial evidence supports the agency's determination that Petitioner did not establish a well-founded fear of persecution. The agency found that Petitioner could safely relocate within India. Petitioner argues that relocation is not a viable option based upon the threatening phone calls he received after he relocated. However, Petitioner testi-fled that, despite the threatening phone calls, his Muslim family members who relocated with him to Hyderabad, have resid *47 ed there without any problems since 1999. Therefore, because substantial evidence supports the agency’s finding that Petitioner could safely relocate within India, the agency properly found that he failed to establish a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(2)(ii); see Melgar de Torres v. Reno, 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant’s mother and daughters continued to live in petitioner’s native country, claim of well-founded fear was diminished).
Finally, the agency did not err in denying Petitioner’s CAT claim. Petitioner argues that the agency did not adequately consider the background materials in denying his CAT claim. However, the agency is entitled to a presumption that it has considered all of the record evidence unless there are strong indications to the contrary. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006). Indeed, in the instant case, the agency considered the totality of the record evidence and determined that, although ethnic or religious tensions may exist, Muslim individuals are not subject to a pattern or practice of persecution in India.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We are not persuaded by the government’s contention that Petitioner failed to exhaust this argument. Before the BIA, Petitioner argued that seizure of his family's land was persecutory. His characterization of the seizure as "economic persecution” is an argument subsidiary to his more general argument that the seizure of his family's land was one of the persecutory acts he endured; we deem the argument sufficiently exhausted. Gill v. INS, 420 F.3d 82, 85-86 (2d Cir.2005).